UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. FORD,

        Plaintiff,

v.

ROSILYN JINDAL, JUDY CRISENBERY,
JANAK R. BHAVSAR, MICHIGAN
DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH CARE SERVICES,
CAMPBELL, LAURA BARTH, and
DANIELLE WESTBAY.

        Defendants.

_____/

Case No. 19-cv-13207
Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION [42]**

This is a prisoner civil rights case. On October 31, 2019, Plaintiff initiated this action in which he accuses defendants of violating his rights under the Americans with Disabilities Act and the Eighth Amendment to the United States Constitution. Presently before the Court is Plaintiff's motion for reconsideration of the Court's December 16, 2020 Order Accepting and Adopting the Magistrate Judge's December 1, 2020 Report and Recommendation. (ECF No. 42.) Because Plaintiff's objections, even if they were timely filed, do not provide a basis for the Court to reject the relevant portion of the Magistrate Judge's Report and Recommendation and rule in Plaintiff's favor, Plaintiff's motion for reconsideration is DENIED.

**I.**     **Procedural Background**

Plaintiff filed an amended complaint on February 13, 2020 and Defendants Michigan Department of Corrections and Judy Crisenbery moved for summary judgment

1

shortly thereafter. Plaintiff responded to Defendants' motion and both parties filed replies. On December 1, 2020, the Magistrate Judge entered a Report and Recommendation in which she recommended the Court grant in part and deny in part Defendants' motion for summary judgment. Objections to the Report and Recommendation were due within 14 days, or by December 15, 2020. No objections were received by that date. On December 16, 2020, the Court entered an order accepting and adopting the Magistrate Judge's Report and Recommendation.

On January 11, 2021, the Court received and docketed (1) Plaintiff's objections to the Magistrate Judge's Report and Recommendation, dated December 17, 2020; and (2) Plaintiff's motion for reconsideration of the Court's December 16, 2020 Order Accepting and Adopting the Magistrate Judge's Report and Recommendation, dated December 28, 2020.

In his motion for reconsideration, Plaintiff argues he did not receive the Magistrate Judge's Report and Recommendation until Friday, December 11, 2020. He states he submitted his objections seven days later, on December 18, 2020 by delivering the same to the facility's mailroom along with an expedited legal mail form. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (finding that under the prison mailbox rule's relaxed filing standard, a pro se prisoner's [filing] is deemed filed when it is handed over to prison officials for mailing to the court.). Plaintiff therefore moves the Court to reconsider its Order accepting and adopting the Report and Recommendation because the delays and tardy submission of Plaintiff's objections were not due to any fault of Plaintiff's.

II.     Analysis

Plaintiff's objection to the Report and Recommendation relates to the Magistrate Judge's recommendation that Defendant Crisenbery, in her individual capacity, be dismissed from this suit based upon Plaintiff's failure to exhaust his administrative remedies. The Magistrate Judge provided the following reasoning pertaining to her recommendation:

> Turning next to Defendant Crisenbery, in reviewing the contents of the five Step-III level grievances that Defendant cited, none of the issues raised appear to address Defendant Crisenbery directly by name. The focus of Defendant Crisenbery's alleged actions, according to Plaintiff's amended complaint, appears to be denials of Plaintiff's requests or needs for a single-person cell, wheelchair seat cushion, and air mattress. (ECF No. 21, PageID.221–22.) These requests or needs were the subject of RGC-19-01-0128-28b (which appears to be identified as RGC19010012812I in the record at ECF No. 30-4, PageID.400). Although Defendant Crisenbery is noted as an "R.N." on this court's docket Defendant's brief clarifies that she is a Housing Unit Manager (HUM) (ECF No. 30, PageID.345); thus, when Plaintiff's grievance refers to the HUM, it is safe to assume that the "H.U.M. Manager" that Plaintiff spoke to is Defendant Crisenbery. (See ECF No. 30-4, PageID.400.) This matter was denied at Step I, (ECF No. 30-4, PageID.401), rejected as untimely at Step II, (Id. at 399.), and rejected as vague at Step III (Id.at 398.).
>
> Plaintiff argues in his response to this motion that, in light of his transfer within the Michigan Department of Corrections in the midst of his grievance at Step I and Step II, he did everything he could to timely pursue his grievance, and thus Defendants' summary judgment motion should not be granted. A prisoner's subsequent transfer to another prison facility does not relieve him of his duty to fully exhaust his administrative remedies at the facility where the claims arose. *Price v. Jordan*, 2016 WL 5109534, at *3 (E.D. Mich. Aug. 8, 2016)(collecting cases). Further, under these facts, Plaintiff does not appear to have been stymied by the transfer because his grievance was not finally rejected as untimely. Instead, Plaintiff's grievance was rejected as vague at Step III. A vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). This conclusion also is supported by the rationale behind the grievance policy since a vague grievance denies the parties—the subjects of the grievance—an opportunity to take their own corrective action, and that combined with subsequent attempts at litigation runs contrary to the policy of the PLRA.

3

> This conclusion is appropriate when accepting Plaintiff's claimed timeline as true. Plaintiff's grievance (RGC 19-01-0128-28b) document reveals that it was denied on February 4, 2019, and the denial was returned to Plaintiff on February 12, 2019. (ECF No. 30-4, PageID.400–01.) Plaintiff claims that he did not receive the denial in the mail on February 12th, and the next day he was transferred to a new MDOC facility. (ECF No. 30, PageID.418.) Plaintiff claims he submitted three kites, to either his current or former grievance coordinator at the respective facilities, and ultimately, he received his Step II grievance form on March 26, 2019, with a due date of February 28, 2019. (Id.) This was rejected as untimely on April 2, 2019, and the form was returned to Plaintiff on the same date. (ECF No. 30-2, PageID.399.) Without any further explanation or argument from Plaintiff here, the record shows he proceeded to Step III grievance on April 18, 2019 (ECF No. 30-4, PageID.381), and this was rejected as vague on May 30, 2019, and mailed to Plaintiff on June 7, 2019. (Id. at 398.)

(ECF No. 38, PageID.458-60.)

Plaintiff raises three arguments in his objection: (1) Defendant Crisenbery acknowledged she was aware of the nature of Plaintiff's complaints even if she was not properly named in Plaintiff's grievances; (2) MDOC policy directive PD 03.02.130 provides that no grievance shall be rejected as "untimely where the Prisoner-grievant was transferred in the midst of the grievance process" thus there was a justifiable delay in filing his Step II grievance; and (3) even a vague grievance at Step III completes the grievance process for purposes of exhaustion.

The Court overrules and rejects Plaintiff's objection. The Magistrate Judge adequately addressed each of these issues in her Report and Recommendation.

As to Plaintiff's first argument, footnote two of the Report and Recommendation directs the Court to see MDOC Policy Directives on Prisoner Grievances which requires the names of all people involved to be included in the prisoner grievance. (ECF No. 38, PageID.458.)

As to Plaintiff's second argument, the Magistrate Judge concluded that Plaintiff's argument regarding the timeliness of his grievances was without merit stating "Plaintiff

4

does not appear to have been stymied by the transfer because his grievance was not finally rejected as untimely. Instead, Plaintiff's grievance was rejected as vague at Step III." (ECF No 38, PageID.459.)

As to Plaintiff's final argument, the Magistrate Judge relied on *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999), and found that "[a] vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion." (ECF No. 38, PageID.459.)

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration of the Court's December 16, 2020 Order. (ECF No. 42.)

SO ORDERED.

                               s/Nancy G. Edmunds
                               Nancy G. Edmunds
                               United States District Judge

Dated: September 6, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2021, by electronic and/or ordinary mail.

                               s/William Barkholz sitting in for Lisa Bartlett
                               Case Manager