UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. FORD,

    Plaintiff,

v.

ROSILYN JINDAL, JUDY CRISENBERY,
JANAK R. BHAVSAR, MICHIGAN
DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH CARE SERVICES,
CAMPBELL, LAURA BARTH, and
DANIELLE WESTBAY,

    Defendants.

Case No. 19-cv-13207
Honorable Nancy G. Edmunds
Magistrate Judge Patricia T. Morris

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [67]

This is a prisoner civil rights case. Plaintiff William J. Ford alleges, among other things, that Defendants are denying him access to adequate medical treatment in violation of the Eighth Amendment to the U.S. Constitution and the Americans with Disabilities Civil Rights Act of 1990, 42 § U.S.C. 12131 *et seq.* ("ADA"). The matter is before the Court on Plaintiff's Motion for Relief from Judgment brought under Fed. R. Civ. P. 60(b). (ECF No. 67.) The Michigan Department of Corrections ("MDOC") and Judy Crisenbery (together with MDOC, "MDOC Defendants") filed a Response in opposition to Plaintiff's motion (ECF No. 69) and Plaintiff filed a Reply (ECF No. 70). The Court finds that the decision process would not be significantly aided by oral argument therefore declines to hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court DENIES Plaintiff's Motion for Relief From Judgment. (ECF No. 67.)

I.      **Background**

*Pro se* Plaintiff William J. Ford initiated this action on October 31, 2019 and filed an Amended Complaint on February 13, 2020.[1] Plaintiff's First Amended Complaint includes nine counts: six counts alleging violations of the Eighth Amendment; a count alleging violations of the ADA; a count alleging violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and a count challenging the constitutionality of Defendant Corizon Health, Inc.'s customs and policies. *See* ECF No. 21. Count Five is the sole count against Defendant Crisenbery, a MDOC employee and Health Unit Manager at Charles Egeler Reception & Guidance Center ("RGC"), the facility where Plaintiff was incarcerated prior to being transferred in or around February 2019. *See id.*, PageID.221; ECF No. 67, PageID.1151. In Count Five, Plaintiff claims Defendant Crisenbery knowingly and intentionally subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment by displaying deliberate indifference to his "serious medical accommodation needs." ECF No. 21, PageID.222. As a result, Plaintiff claims, he "suffered substantial physical, mental and emotional pain, distress, [and] loss of sleep." *Id.*, PageID.222-23.

In response to Plaintiff's Amended Complaint, MDOC Defendants filed a Motion for Summary Judgment and To Dismiss wherein they argued that summary judgment on Count Five was warranted because Plaintiff failed to properly exhaust his claims as to Defendant Crisenbery. ECF No. 30, PageID.352. In support of this argument, MDOC Defendants attached a "Prisoner Step III Grievance Report" which, according to an affidavit from MDOC's Departmental Analyst, ECF No. 30-4, PageID.379-80, compiled

---

[1] Plaintiff's Motion for Leave to File a Second Amended Complaint is pending. (ECF No. 49.) For purposes of the present motion, the First Amended Complaint (ECF No. 21) is the active complaint.

a "comprehensive" list of grievances that Plaintiff filed through the Step III appeal as well as the underlying grievance documents for the grievances referenced in the report. ECF No. 30, PageID.352-53; ECF No. 30-4.

The report showed that Plaintiff pursued five grievances through Step III decisions. ECF No. 30-4, PageID.381-82. He mentioned Defendant Crisenbery, or "H.U.M.,"[2] in two of those grievances: RGC-19-01-0128-28b with a 1/5/19 incident date ("1/5/19 Grievance") and ARF-19-03-0781-28I with a 3/21/19 incident date ("3/21/19 Grievance"). *Id.*, PageID.400; PageID.396. The report shows that the 1/5/19 Grievance was investigated and denied at Step I, that Plaintiff's Step II appeal was denied as untimely, and that his Step III appeal was rejected as vague. *Id.*, PageID.381-82; 398-99. As for the 3/21/19 Grievance, the report shows it was rejected at Step I because there was no attempt to resolve the issue with staff, deemed partially resolved at Step II, and the rejection was upheld at Step III. *Id.*, PageID.381-82; 393-95. MDOC Defendants claimed that these grievances did not fulfill the exhaustion requirement as they were improperly filed. ECF No. 30, PageID.353.

Plaintiff, still acting *pro se*, responded to MDOC Defendants' motion and explained that he did everything he could to timely file the Step II grievance form for the 1/5/19 Grievance. ECF No. 34, PageID.418. He claims he was transferred from RGC to another facility during this time period and, as a result, he did not receive the Step II grievance form until after its stated due date. *Id.* Thus, he argued, the delay in filing the Step II form was not due to his "inaction" or "neglect" but rather was because of his transfer and the

---

[2] As noted by the Magistrate Judge, "[w]hen Plaintiff's grievance refers to the "HUM," it is safe to assume that the 'H.U.M. Manager' that Plaintiff spoke to is Defendant Crisenbery." ECF No. 38, PageID.459.

RGC Grievance Coordinator's failure to timely send the Step II form to Plaintiff at his new facility.

The Magistrate Judge considered the parties' arguments in her December 1, 2020 Report and Recommendation on Defendant's Motion for Summary Judgment and to Dismiss ("December 2020 R&R"), stating:

> Plaintiff argues in his response to this motion that, in light of his transfer within the Michigan Department of Corrections in the midst of his grievance at Step I and Step II, he did everything he could to timely pursue his grievance, and thus Defendants' summary judgment motion should not be granted. A prisoner's subsequent transfer to another prison facility does not relieve him of his duty to fully exhaust his administrative remedies at the facility where the claims arose. *Price v. Jordan*, 2016 WL 5109534, at *3 (E.D. Mich. Aug. 8, 2016)(collecting cases). Further, under these facts, *Plaintiff does not appear to have been stymied by the transfer because his grievance was not finally rejected as untimely. Instead, Plaintiff's grievance was rejected as vague at Step III. A vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion*. See *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

ECF No. 38, PageID.459-60 (emphasis added). Thus, the Magistrate Judge found that summary judgment was proper as to Defendant Crisenbery because Plaintiff's Step III grievance was rejected as vague and therefore did not provide proper exhaustion. *Id.*, PageID.460. As to Defendant MDOC, however, the Magistrate Judge recommended that summary judgment be denied. *Id.*, PageID.463.

This Court accepted and adopted the December 2020 R&R on December 16, 2020 after having received no objections. (ECF No. 39.) Accordingly, Defendant Crisenbery was dismissed, but all other Defendants remained parties to this litigation. *Id.*, PageID.465. Shortly after the Court accepted the December 2020 R&R, Plaintiff was assigned *pro bono* counsel to assist him going forward. See ECF Nos. 43, 45.

Several weeks after the Court accepted and adopted the December 2020 R&R, but before Plaintiff was assigned counsel, the Court received and docketed (1) Plaintiff's objections to the December 2020 R&R, dated December 17, 2020[3] (ECF No. 41) and (2) Plaintiff's Motion for Reconsideration of the December 16, 2020 Order (ECF No. 42). The Court considered Plaintiff's objections and denied his Motion for Reconsideration stating:

> Plaintiff raises three arguments in his objection: (1) Defendant Crisenbery acknowledged she was aware of the nature of Plaintiff's complaints even if she was not properly named in Plaintiff's grievances; (2) MDOC policy directive PD 03.02.130 provides that no grievance shall be rejected as "untimely where the Prisoner-grievant was transferred in the midst of the grievance process" thus there was a justifiable delay in filing his Step II grievance; and (3) even a vague grievance at Step III completes the grievance process for purposes of exhaustion.
>
> The Court overrules and rejects Plaintiff's objection. The Magistrate Judge adequately addressed each of these issues in her Report and Recommendation.
>
> As to Plaintiff's first argument, footnote two of the Report and Recommendation directs the Court to see MDOC Policy Directives on Prisoner Grievances which requires the names of all people involved to be included in the prisoner grievance. (ECF No. 38, PageID.458.)
>
> As to Plaintiff's second argument, the Magistrate Judge concluded that Plaintiff's argument regarding the timeliness of his grievances was without merit stating "Plaintiff does not appear to have been stymied by the transfer because his grievance was not finally rejected as untimely. Instead, Plaintiff's grievance was rejected as vague at Step III." (ECF No 38, PageID.459.)

---

[3] Plaintiff claimed he did not receive the December 2020 R&R until December 11, 2020. ECF No. 41, PageID.497. The Court therefore considered Plaintiff's objections as if they were timely and analyzed them in conjunction with Plaintiff's Motion for Reconsideration. *See* ECF No. 61 *Opinion and Order Denying Motion for Reconsideration*.

> As to Plaintiff's final argument, the Magistrate Judge relied on *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999), and found that "[a] vague grievance, which does not comply with MDOC policy requirements, cannot provide proper exhaustion." (ECF No. 38, PageID.459.)

ECF No. 61, PageID.1070. Thus, the Court again considered the exhaustion issue and agreed with the Magistrate Judge that summary judgment as to Defendant Crisenbery was warranted because a vague grievance does not provide proper exhaustion. *Id.*

In his present Motion for Relief From Judgment, Plaintiff seeks relief from (a) the Court's December 16th, 2020 Order Accepting and Adopting the December 2020 R&R (ECF No. 39); and (b) the Court's Opinion and Order Denying Plaintiff's Motion for Reconsideration of the December 16, 2020 Order (ECF No. 61). *See* ECF No. 67. Essentially, Plaintiff asks the Court for a third time to decline to award summary judgment to Defendant Crisenbery in her individual capacity based upon Plaintiff's failure to exhaust his administrative remedies. *See id.*

The present motion is Plaintiff's first on the issue brought on his behalf through counsel, accordingly Plaintiff's arguments here are slightly different and more comprehensive. He now claims (1) that because MDOC does not permit challenges to medical determinations to be grieved, there were no other grievance procedures available to Plaintiff to challenge Defendants' conduct; (2) that the vagueness objection is facially deficient as the 1/5/19 Grievance supplied the necessary "Who, What, When, Where, and Why" required under MDOC's rules; and (3) that Defendant Crisenbery improperly asserted that exhaustion is a mandatory threshold issue. *Id.*, PageID.1160-63; ECF No. 70, PageID.1195-96. Further, Plaintiff points out that MDOC Defendants omitted two

exhibits to Plaintiff's 1/5/19 Grievance from their "comprehensive" list of grievances attached to their Motion for Summary Judgment.[4]

## II. Legal Standard

Rule 60(b) allows the trial court to relieve a party from a final judgment for the following reasons, among others: (1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party . . . or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). A motion brought under Rule 60(b) must be brought "within a reasonable time," and in some instances "no more than a year after the entry of the judgment or order . . ." Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), a party seeking relief from judgment must show the applicability of the rule. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (quoting *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). And he or she bears the burden of establishing the grounds for relief by clear and convincing evidence. *Info–Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir.2008). This is because the availability of relief from judgment under Rule 60(b) is "circumscribed by public policy

---

[4] The "omitted exhibits" were referenced in the grievance at issue and are attached to Plaintiff's original complaint. *See* ECF No. 30-4, PageID.400; ECF No. 1-1, PageID.131-38. In the first exhibit, Letter of Intent I, Plaintiff writes: "I am severely handicapped to my major bodily organs, which require extensive medical treatments and medications"; and "I have repeatedly complained to the Health Unit Manager (HUM) RN Judy Crisenbery" that "without [ ] immediate results" I will suffer "additional physical and mental problems, severely jeopardizing my health. . . ." *Id.*, PageID.137–38 (capitalization altered). Plaintiff goes on to claim that he was denied medical treatments previously prescribed by other doctors. He also references yet another exhibit that was omitted by Defendants. *See* ECF No. 101, PageID.137. That sub-exhibit identifies Plaintiff's previous doctors, the medications Plaintiff was previously receiving, and the medications Plaintiff was no longer receiving. *Id.*, PageID.131–33. The exhibit also purports to notify Defendants of Plaintiff's intent to sue for medical malpractice, for violations of the ADA, and the Rehabilitation Act. *Id.* at 138. Letter of Intent 2 contains similar allegations and complaints. *Id.*, PageID.134–35.

favoring finality of judgments and termination of litigation." *Id.* (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund,* 249 F.3d 519, 524 (6th Cir.2001)). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks*, 250 F.3d at 385.

### III. Analysis

Here, Plaintiff claims he should be provided relief from this Court's judgments "as there was plain error, a mistake of law and material fact, the dispositive rulings at issue were based on a misleading and material omission by Defendants, and as relief form [*sic*] judgment is necessary to prevent manifest injustice." ECF No. 67, PageID.1160. Outside of providing the legal standard for a Rule 60(b) motion, however, Plaintiff provides no argument or applicable case law to show that his arguments fall within the scope of available relief under Rule 60(b). Rather, the arguments Plaintiff presents are those that should have been brought up in response to the MDOC Defendants' Motion for Summary Judgment or in Plaintiff's objections to the December 2020 R&R.

First, Plaintiff claims that the grievance procedure was incapable of being exhausted because "there were no grievance procedures available to [Plaintiff] to meaningfully seek relief from the conduct at issue." ECF No. 67, PageID.1160. *See Ross v. Blake*, 578 U.S. 632, 635 (2016) ("A prisoner need not exhaust remedies if they are not 'available.'"). This argument would have been appropriate to urge the Court to find a question of material fact as to whether Plaintiff exhausted all available remedies, but here, months after the Court issued its opinion granting summary judgment, this argument falls far short of the clear and convincing evidence necessary to show "mistake," "fraud . . .,

misrepresentation, or misconduct by an opposing party," or another reason that justifies reversing a judgment months after it was entered. *See* Fed. R. Civ. P. 60(b).

The same can be said for Plaintiff's argument regarding whether the grievance at issue was properly rejected for vagueness. *See* ECF No. 67, PageID.1161-63. This shows no "mistake" or "misrepresentation," but rather an oversight by Plaintiff to include this argument in his response opposing summary judgment or objections. Rule 60(b) is not designed to provide relief where "a party forgets to raise a particular legal theory or defense . . . or neglects to file evidence that would provide a factual basis for a claim." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001). True, Plaintiff was *pro se* at the time he filed his response and objections, but this does not reduce the standard on a Rule 60(b) motion and Plaintiff provides no authority to the contrary.

Plaintiff also fails to show by clear and convincing evidence how Defendants' omission of two exhibits from the Prisoner Step III Grievance Report was fraudulent or intentionally misleading. "Rule 60(b)(3) clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding. . . .'" *Info–Hold,* 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.,* No. 95–3478, 1996 WL 528950, at *6 (6th Cir. Sept.17, 1996)). Plaintiff provides no evidence or argument that Defendants' act was deliberate or intentionally done to deceive the Court, thus his argument fails. Moreover, while Plaintiff states that Defendants' omission equated to "the grievance [being] rejected based on a facially incomplete record of the document being reviewed," he provides no analysis to support his contention or show how the Court's analysis would have changed if the missing exhibits would have been attached.

Additionally, Plaintiff's argument that Defendant Crisenbery improperly asserted that exhaustion is a mandatory threshold, ECF No. 67, PageID.1163, fails for the same reasons described above. This argument could have been made in response to Defendants' Motion for Summary Judgment. Moreover, Plaintiff's argument and supporting case law on this issue applies to pleading requirements considered by courts in deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Jones v. Bock*, 549 U.S.199, 212 (2007). The MDOC Defendants' motion asked for summary judgment on the issue of exhaustion based on evidence available to both parties. *See* ECF No. 30, PageID.346. Thus, Defendants' argument was not that Plaintiff failed to plead exhaustion, it was that he did not actually exhaust his remedies.

Finally, the Court notes that Plaintiff's motion fails under Rule 60(b)(6) because, among other reasons, the principles of equity do not mandate the relief he requests. Rule 60(b)(6) is a "catchall provision" that allows relief from judgment for "any other reason that justifies relief;" however, relief under this rule is to be used "only in exceptional or extraordinary circumstances where principles of equity mandate relief..." *Kelmendi v. Detroit Board of Education*, 780 Fed.Appx. 310, 312 (6th Cir. 2019) (citing *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018)). Defendant Crisenbery was dismissed from this action, but all other Defendants remain and Plaintiff has been appointed counsel to assist him in prosecuting his claims. Thus, consistent with public policy that "favors the finality of judgments and termination of litigation," *Info–Hold,* 538 F.3d at 454, the Court declines to reverse its prior judgment in favor of moving this case forward.

**IV.	Conclusion**

For the foregoing reasons, Plaintiff's Motion for Relief From Judgment is **DENIED**.

**SO ORDERED**.

           s/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated: March 28, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2022, by electronic and/or ordinary mail.

           s/Lisa Bartlett
           Case Manager