UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM J. FORD,

        Plaintiff,                       Case No. 19-cv-13207
                                               Honorable Nancy G. Edmunds
v.                                       Magistrate Judge Patricia T. Morris

ROSILYN JINDAL, JUDY CRISENBERY,
JANAK R. BHAVSAR, MICHIGAN
DEPARTMENT OF CORRECTIONS,
CORIZON HEALTH CARE SERVICES,
CAMPBELL, LAURA BARTH, and
DANIELLE WESTBAY,

        Defendants.

_____/

**OPINION AND ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION,
ACCEPTING AND ADOPTING IN PART THE MAGISTRATE JUDGE'S
AUGUST 20, 2021 REPORT AND RECOMMENDATION [58], AND
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO AMEND [49]**

This is a prisoner civil rights case. Plaintiff William J. Ford alleges, among other things, that Defendants are denying him access to adequate medical treatment in violation of the Eighth Amendment to the U.S. Constitution, the Americans with Disabilities Civil Rights Act of 1990, as amended, 42 U.S.C. § 12131 *et seq.* ("ADA"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act"). The matter is before the Court on the Magistrate Judge's August 20, 2021 Report and Recommendation on Plaintiff's Motion for Leave to File Second Amended Complaint and For Extension of Time. (ECF No. 58.) The Magistrate Judge recommends that Plaintiff's motion be granted in part as to allow Plaintiff to (1) amend the caption, (2) amend the Eighth Amendment claims as against Corizon Health, Inc., (3) include the medical

1

malpractice claim, and (4) have additional time to serve Defendants who have not yet been served.  (ECF No. 58, PageID.967.) She further recommends that this Court deny the remaining proposed amendments. (*Id.*) Having conducted a *de novo* review of the portions of the Magistrate Judge's Report to which valid objections have been filed, the Court ACCEPTS AND ADOPTS IN PART AND DECLINES TO ADOPT IN PART the August 20, 2021 Report and Recommendation, as detailed below. Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 49.)

I.    **Background**

Plaintiff William J. Ford is an incarcerated individual and a wheelchair-bound amputee who has several medical impairments including atrial fibrillation and congestive heart failure. (ECF No. 1, PageID.3-4.) On October 31, 2019, Plaintiff filed a five-count complaint against Defendants Jindal, Crisenbery, Bhavsar, and MDOC. (ECF No. 1.) Defendants Jindal and Bhavsar are employed by Corizon Health, Inc., (hereinafter referred to together as "Corizon Defendants,") and Defendant Crisenbery is employed by the Michigan Department of Corrections, ("MDOC"). (ECF No. 49, PageID.524.) In Plaintiff's initial complaint, he alleged that the named defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that they violated various provisions of the ADA and the Rehabilitation Act. He alleged that Defendants knew of his medical conditions and refused to give him the medications he required because the costs would be too much for MDOC to bear. (ECF No. 1, PageID.4.) Plaintiff further alleged that Defendants discontinued some of his medications as a means of saving money. (*Id.* at PageID.4-5.) Additionally, Plaintiff alleged that Defendants

arbitrarily denied his requests for special medical accommodations, including his requests for a single-man cell, an air mattress, a seat cushion for his wheelchair, and a new wheelchair with a brace to support where his leg was amputated. (*Id.* at PageID.6, 8.) Plaintiff's request to visit a pain management clinic was also allegedly denied. (*Id.* at PageID.8.)

On February 28, 2020, the Court granted Plaintiff's motion for leave to file a first amended complaint. (ECF No. 23.) The new nine-count complaint added "Corizon Health Care Services" ("Corizon"), "Hum Campbell," Laura Barth, and Danielle Westbay as defendants and included additional counts against those defendants under the Eighth Amendment. (ECF No. 49, PageID.525.)

On April 28, 2020, Crisenbery and MDOC filed a motion for summary judgment which was granted in part and denied in part, dismissing Crisenbery from the case. (ECF Nos. 30, 38, 39.) Plaintiff filed a motion for reconsideration of this order and a motion for relief from judgment which were both denied. (ECF Nos. 42, 61, 67, 72). On February 12, 2021, the Court appointed counsel for Plaintiff. (ECF No. 45.)

Plaintiff filed his pending Motion for Leave to Amend with the assistance of counsel. (ECF No. 49.) In the motion, Plaintiff seeks leave to file a third complaint that revises his claims under the ADA, Rehabilitation Act, and Eighth Amendment, but also includes many new factual allegations and seven new state-law claims. Both MDOC and Corizon Defendants filed a response to Plaintiff's motion. (ECF Nos. 50, 51.) Plaintiff filed a reply to each of these responses. (ECF Nos. 52, 53.)

The motion was referred to the Magistrate Judge and she entered the present Report and Recommendation on August 20, 2021 (the "R&R"). (ECF No. 58.) Corizon

Defendants timely filed objections to the R&R and Plaintiff responded. (ECF No. 59, 65.) Corizon Defendants then filed a reply to Plaintiff's response. (ECF No. 68.) Plaintiff also filed objections to the R&R[1] to which MDOC and Corizon Defendants responded. (ECF Nos. 60, 62, 64.) Plaintiff filed replies to both of these responses. (ECF Nos. 63, 66.)

In the R&R, the Magistrate Judge provided a detailed analysis of each of Plaintiff's proposed new claims as well as the arguments articulated by Defendants in their responses. She recommends granting in part and denying in part Plaintiff's motion. She recommends granting Plaintiff's motion in part as it relates to (1) granting leave to amend the caption (*Id.*, PageID.969); (2) amending allegations related to the allegedly unconstitutional policies and patterns of Defendant Corizon (*Id.*, PageID.982); (3) adding a medical malpractice claim (*Id.*, PageID.993); and (4) extending the timeframe in which Plaintiff can serve the summons and complaint on Defendants Campbell, Barth, and Westbay (*Id.*, PageID.993-94). The Magistrate Judge recommends denying Plaintiff's motion as it relates to any other proposed amendments. (*Id.*, PageID.994.) Specifically, she recommends denying Plaintiff's motion as it relates to amending allegations against MDOC that fall under the ADA and Rehabilitation Act, due to futility (*Id.*, PageID.9768); amending the § 1983/Eighth Amendment claims and related allegations brought against Defendants MDOC, Westbay, Barth, and Campbell in their official capacities, due to futility (*Id.*, PageID.980); amending the Eighth Amendment allegations against

---

[1] Plaintiff's objections were filed on December 4, 2021, one calendar day after objections were due. According to Plaintiff, pro bono counsel "mistakenly filed objections to the R&R 4 minutes late on the Friday (technically Saturday) of a holiday weekend." ECF No. 63, PageID.1089 n. 1. Because the timeliness of Plaintiff's submission does not prejudice Defendants under these circumstances, the Court accepts them as timely filed and will consider them on the merits.

Defendants Campbell, Barth, and Westbay because Plaintiff failed to exhaust his administrative remedies making these claims futile (*Id.*, PageID.981); amending the deliberate indifference claims against Defendants Jindal and Bhavsar due to futility (*Id.*, PageID.985); adding state-law breach-of-contract or breach-of-contract third-party beneficiary claims due to futility (*Id.*, PageID.987); adding a state-law promissory estoppel claim due to futility (*Id.*, PageID.988); adding a state-law unjust enrichment claim due to futility (*Id.*, PageID.990); and adding state-law claims of negligence or negligent/intentional infliction of emotional distress due to futility as these claims sound in medical malpractice (*Id.*, PageID.992). The Magistrate Judge further recommends declining to deny Plaintiff's motion under Federal Rule of Civil Procedure 8(a) (ECF No. 58, PageID.973), or on the basis of bad faith (*Id.*, PageID.976).

## II.   Standard of Review

### A.   *De Novo* Review of Objections

Upon receipt of a section 636(b)(1)(C) report and recommendation from the magistrate judge, a district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). Thereafter, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id. See also* Fed. R. Civ. P. 72(b)(3).

The Court is not "required to articulate all of the reasons it rejects a party's objections," if it does not sustain those objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). The purpose of filing objections is to focus the district judge's "attention on those issues—factual and legal—that are at the heart of the

parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Thus, a party's objections must be "specific." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citations omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Id.* (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Moreover, objections that merely restate arguments previously presented, do not sufficiently identify alleged errors on the part of the magistrate judge. *Senneff v. Colvin*, No. 15-cv-13667, 2017 WL 710651, at *2 (E.D. Mich. Feb. 23, 2017) (citing cases). An objection that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *Watson v. Jamsen*, No. 16-cv-13770, 2017 WL 4250477, at *1 (E.D. Mich. Sept. 26, 2017).

A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Arn*, 474 U.S. at 149.

**B.    Amending a Complaint Pursuant to Rule 15(a)**

Plaintiff's motion to amend his complaint is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) instructs the court to "freely give leave when justice so requires," an amendment may be denied in cases of undue delay or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak*

*'N Shake, Inc.*, 195 F.3d 828 (6th. Cir. 1999). Indeed, a court may deny a motion to amend if it concludes that the pleading as amended could not withstand a motion to dismiss. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

## III.    Analysis

### A.    Supplemental Jurisdiction

Like Plaintiff's original and First Amended Complaint, his proposed amended complaint includes claims for alleged violations of the Eighth Amendment (Count I), the ADA (Count II), and the Rehabilitation Act (Count III). (*See* ECF No. 49-2.) Additionally, however, Plaintiff's proposed Second Amended Complaint seeks to add seven new state-law claims pursuant to this Court's supplemental jurisdiction. (*See id.*, PageID.544 ¶ 14.); 28 U.S.C. § 1367(a).

Supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise supplemental jurisdiction over pendant claims for a number of valid reasons." *Id.* District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity. *Id.* The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies these principles and provides that district courts may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original

7

jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The Court concludes that Plaintiffs' proposed state-law claims would substantially expand the scope of this case beyond that necessary and relevant to the federal claims. The proposed state-law claims, if allowed, would also violate the principles of economy, convenience, fairness, and comity, especially at this stage in the proceedings. Furthermore, the Court finds that the proposed state-law claims raise novel and complex issues of state law. Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims in Plaintiff's Proposed Second Amended Complaint.

Given that the Court declines to exercise supplemental jurisdiction over the proposed state-law claims, Plaintiff's Motion for Leave to Amend is DENIED as it relates to the proposed state-law claims. Consequently, the portions of the Magistrate Judge's R&R that relate to the proposed state-law claims are moot and will not be analyzed here. Given that those sections of the R&R are moot, all objections to the findings in those sections are OVERRULED.

## B.   Motion to Amend the Caption

In his Motion for Leave to Amend, Plaintiff first seeks leave to amend the names of two Defendants. (ECF No. 49, PageID.516.) Plaintiff seeks to change "Hum Campbell" to "Janet Campbell" and "Corizon Health Care Services" to "Corizon Health, Inc." (*Id.*) Plaintiff states Defendants do not oppose changing the caption. (*Id.*) The Magistrate Judge recommends granting the motion to amend the caption so as to properly reflect the accurate names of Defendants. (ECF No. 58, PageID.969.) No objections to this portion of Plaintiff's motion have been filed. Accordingly, the Court ACCEPTS AND ADOPTS this

portion of the R&R and Plaintiff's Motion is GRANTED IN PART in that the caption will be amended.

### C.   Motion to Amend the Complaint

#### 1.   Rule 8

Defendants argue that Plaintiff's proposed amended complaint violates Federal Rule of Civil Procedure 8. The Magistrate Judge recommends declining to deny Plaintiff's Motion on this basis. (ECF No. 58, PageID.973.) No objections were received related to this portion of the Magistrate Judge's Report. Nevertheless, the Court reviewed the pleadings and record as it relates to Defendants' argument. The Court finds no reason to disagree with the Magistrate Judge's analysis or recommendation on this issue. Accordingly, the Court ACCEPTS AND ADOPTS this portion of the R&R.

#### 2.   Bad Faith

Corizon Defendants argue that Plaintiff's motion should be denied because he brings it in bad faith. (ECF No. 50, PageID.892-93.) The Magistrate Judge recommends declining to deny Plaintiff's Motion on this basis. (ECF No. 58, PageID.976.) Corizon Defendants object to the Magistrate Judge's finding on this issue, but their objection centers around the proposed medical malpractice claim. (ECF No. 59, PageID.1012-13.) As discussed above, the Court declines to exercise supplemental jurisdiction over this state-law claim. Corizon Defendants' objection on this point is therefore MOOT AND OVERRULED. Corizon Defendants also argue that the Magistrate Judge's declination "to suggest that a 'tactical' move is hidden under the guise of the present motion" is erroneous as the amendment "is an attempt to avoid a dispositive motion." (*Id.*, PageID.1013.) The Court OVERRULES Defendants' objection on this point as duplicative

of the arguments made in their response to Plaintiff's Motion. *See Senneff*, 2017 WL 710651, at *2. (*See also* ECF No. 50, PageID.892-93.)

As the objection to this portion of the R&R has been overruled, and the Court otherwise sees no reason to disagree with the Magistrate Judge's analysis or recommendation, the Court ACCEPTS AND ADOPTS this portion of the R&R.

### 3. Futility

Next, Defendants argue that all proposed new claims should be denied as futile. The test for futility is whether the amended complaint could survive a Rule 12(b)(6) motion to dismiss. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980). Such a motion tests the sufficiency of the complaint and will be granted if the plaintiffs have failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

### a.    Claims Against Defendant Crisenbery

Plaintiff seeks to add various amendments related to Defendant Crisenbery who has been dismissed from this case. (*See* ECF No. 39, *Opinion and Order Accepting and Adopting in [38] Report and Recommendation Granting in Part and Denying in Part [30] Motion for Summary Judgment*; ECF No. 61, *Opinion and Order Denying [42] Motion for Reconsideration*; ECF No. 72, *Opinion and Order Denying [67] Motion for Relief From Judgment*.) To the extent any new or revised proposed allegations relate to claims against Defendant Crisenbery, the Court agrees with the Magistrate Judge that these proposed amendments are futile. (*See* ECF No. 58, PageID.974 n. 1.) To the extent that any new or revised proposed allegations involving Defendant Crisenbery relate to MDOC or any other defendant that has not been dismissed from this action, the Court will allow the amendments if they are not otherwise disallowed due to futility, as analyzed below. The Court ACCEPT AND ADOPTS the portion of the R&R that discusses claims against Defendant Crisenbery. (ECF No. 58, PageID.974 n. 1.)

### b.    ADA/Rehabilitation Act Allegations

Plaintiff seeks to amend and add to his allegations against MDOC, Campbell, Barth, and Westbay (together "MDOC Defendants") that fall under the ADA and Rehabilitation Act. Relying on *Glover v. Rivas*, 536 F. Supp. 3d 161, 171 (E.D. Mich. 2021), the Magistrate Judge states as follows:

> In order to make a prima facie showing of discrimination in violation of the ADA, a plaintiff must prove that he '(1) has a disability; (2) is otherwise qualified; and (3) is being excluded from participation in, being denied benefits of, or being subject to discrimination under, the program *solely* because of the plaintiff's disability.' . . . [Plaintiff] does not allege that he was denied benefits *solely* because of a disability. . . .

(ECF No. 58, PageID.976-77 (emphasis added, emphasis to other words omitted).) The Magistrate Judge further provides that "Plaintiff's allegations sound in medical malpractice and his disagreements with the medical care afforded to him." (*Id.*, PageID.977.) Finding that Plaintiff did not allege facts supporting that he was denied medical care because of his disability, but rather because of the costs and alleged policies by MDOC and Corizon," the Magistrate Judge concluded that Plaintiff's proposed amendments to his ADA and Rehabilitation Act claims would be futile. (*Id.*, PageID.977-78.)

Plaintiff objected to this portion of the R&R. (ECF No. 60, PageID.1050.) According to Plaintiff, the Magistrate Judge applied "a definitively abrogated standard; and . . . a standard reserved exclusively for *intentional* discrimination theories" even though his Proposed Second Amended Complaint alleged "theories that  do not include elements of intent or motive." (ECF No. 60, PageID.1050.)

The portion of Plaintiff's objection that claims the Magistrate Judge applied an abrogated standard to his proposed ADA-claim amendments is SUSTAINED and the Court DECLINES TO ADOPT this portion of the Magistrate Judge's report. The *Glover* court cited the Sixth Circuit case *Dillery v. City of Sandusky*, 398 F.3d 562, 567 as support for its articulation of the elements of a prima facie case of discrimination under the ADA. *See Glover*, 536 F. Supp. 3d at 171. *Dillery* provides that the test for intentional discrimination under the ADA requires that the discrimination be "solely" because of the plaintiff's disability, but the Sixth Circuit rejected this sole-causation requirement in *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312, 317 (6th Cir. 2012) (en banc). The *Lewis* Court explained that "solely" worked its way into the ADA analysis because of the similarities between the ADA and the Rehabilitation Act. *Id.* at 314. The distinction

12

between the causation standards in these two acts was inadvertently blurred by the Sixth Circuit in *Maddox v. Univ. of Tenn.*, 62 F.3d 843 (6th Cir. 1995), *abrogated by Lewis*, 681 F.3d at 314, leading to a line of cases that erroneously conflated the standards.

Nevertheless, the Magistrate Judge's conclusion regarding the futility of Plaintiff's proposed amendments is correct. Plaintiff's conclusory allegation that "MDOC treated [Plaintiff] differently and in a discriminatory manner because of [his] [d]isabilities," (ECF No. 49-2, PageID.609 ¶ 313), is undermined by his factual assertions that he was denied medical care because of associated costs and alleged policies by MDOC and Corizon. (*See* ECF No. 58, PageID.977-78.) Moreover, Plaintiff pleads no other factual assertions to support an ADA or Rehabilitation Act claim that is "plausible on its face." *See Bell Atlantic Corp.*, 550 U.S. at 570.  "Both the Americans with Disabilities Act and the Rehabilitation Act require the challenged discrimination to occur *because of* disability, which is another way of saying that the plaintiff must establish a but-for relationship between the protested act and the individual's disability." *Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 351-52 (2013)) (emphasis in the original). The ADA requires Plaintiff to "present sufficiently 'significant' evidence of animus toward the disabled that is a but-for cause of the discriminatory behavior." *Id.* The Rehabilitation Act requires Plaintiff to hurdle an even higher bar by showing "that the defendant's acts were done '*solely* by reason of' the disability." *Id.* (emphasis in the original). Moreover, this Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Thus, while Plaintiff is correct that the Magistrate Judge

stated the wrong causation standard regarding Plaintiff's ADA claim, his proposed amendments remain futile under the correct standard.

Additionally, as the Magistrate Judge correctly noted, "Plaintiff's allegations sound in medical malpractice" and his claims arise out of his disagreements with the medical care afforded to him. (ECF No. 58, PageID.977.) The Sixth Circuit has recognized that neither the Rehabilitation Act nor the ADA provide a cause of action for medical malpractice. *Baldridge-El v. Gundy*, 238 F.3d 419 (6th Cir. 2000) *abrogated in part on other grounds* by *Jones v. Bock*, 549 U.S. 199. Several other federal courts have made similar findings. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (concluding that the ADA would not be violated by a prison's failure to address the medical needs of its disabled prisoners and that the statute "does not create a remedy for medical malpractice"); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (holding that a Rehabilitation Act and/or an ADA claim cannot be based on medical treatment decisions); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (concluding that inmates' claims under the Rehabilitation Act and ADA were properly dismissed for failure to state a claim as they were based on medical treatment decisions). *See also Kensu v. Rapelje*, No. 12-11877, 2015 WL 5302816, at *4 (E.D. Mich. Sept. 10, 2015) ("The ADA does not provide relief for alleged incompetent treatment"). The facts are similar here and this analysis applies no matter what Plaintiff's "theory" of discrimination under the ADA may be. Thus, the proposed amendments would be futile. Plaintiff's Motion for Leave to Amend is DENIED IN PART on this basis and the portion of Plaintiff's objection that relates the Magistrate Judge's application of a standard "reserved exclusively for intentional discrimination theories" is OVERRULED.

c.     Eighth Amendment Deliberate Indifference Allegations

Plaintiff states he seeks to "explicate" his existing Eighth Amendment claims against Defendants, adding "more robust and detailed allegations, requests for relief, and exhibits[.]" (ECF No. 49, PageID.528.) Defendants argue that the proposed amendments are futile.

(i) *MDOC Defendants—Eleventh Amendment Immunity*

MDOC Defendants argue that the proposed amendments to Plaintiff's Eighth amendment claims are futile because they are entitled to Eleventh Amendment immunity. This Court previously held, in response MDOC Defendants' Motion for Summary Judgment (ECF No. 38), that dismissal was appropriate for Defendant Crisenbery based on Eleventh Amendment Immunity. (ECF No. 38, PageID.460-63, adopted by ECF No. 39.) Based on that same analysis, the Magistrate Judge concludes that Plaintiff's proposed amendments to his § 1983 claims against MDOC Defendants in their official capacities would be futile. (ECF No. 58, PageID.980.)

Plaintiff objects to this finding, (ECF No. 60, PageID.1052-53.), and this Court finds Plaintiff's objection has merit. "State sovereign immunity as recognized by the Eleventh Amendment does not extend to suits against state officials seeking to enjoin violations of federal law." *Schweiger v. Corr. Med. Servs., Inc.*, No. 11-15345, 2013 WL 1148443, at *5 (E.D. Mich. Mar. 19, 2013) (citing *Ex parte Young,* 209 U.S. 123, 159–160 (1908)). "A plaintiff can 'avoid[ ] this sovereign immunity bar by suing for injunctive or declaratory relief, rather than monetary relief.' *Id.* (quoting *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 n. 1 (6th Cir.2004)). "To determine whether a claim for such relief avoids sovereign immunity, '"a court need only conduct a straightforward inquiry into whether

15

[the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* (quoting *Dubuc v. Michigan Bd. of Law Examiners,* 342 F.3d 610, 616 (6th Cir.2003)).

The operative complaint at the time MDOC's Motion for Summary Judgment was adjudicated was Plaintiff's First Amended Complaint which sought compensatory and punitive money damages but did not specifically ask for equitable relief. (ECF No. 21, PageID.226.) Plaintiff's proposed Second Amended Complaint alleges that "Plaintiff is entitled to equitable relief, including but not limited to preliminary and injunctive relief" in addition to his request for money damages. (ECF No. 49-2, PageID.607-08.) Thus, the Magistrate Judge's suggestion that her previous analysis of Eleventh Amendment immunity applies here as it applied to Defendant Crisenbery is erroneous. Plaintiff's objection is SUSTAINED and the Court DECLINES TO ADOPT this portion of the Magistrate Judge's report.

Plaintiff's Motion for Leave to Amend is GRANTED IN PART in that Plaintiff may amend his complaint to include § 1983 allegations against MDOC Defendants in their official capacities so long as those allegations relate to a request for equitable and prospective relief. Based on this same analysis, Plaintiff's Motion for Leave to Amend is DENIED IN PART in that any § 1983 allegations or claims that seek money damages from MDOC Defendants in their official capacity are futile due to Eleventh Amendment Immunity.

### (ii) *MDOC Defendants—Exhaustion*

MDOC Defendants also argue that the Eighth Amendment amended allegations against them would be futile because they were not properly exhausted. Defendants

MDOC and Crisenbery moved for summary judgment based, in part, on this same issue. (*See* ECF No. 30.) In deciding their motion, the Magistrate Judge concluded that "summary judgment [was] appropriate based on a failure to exhaust as to Defendant Crisenbery, but not as to Defendant MDOC." (ECF No. 38, PageID.460, adopted by ECF No. 39.) The Magistrate Judge reaches the same conclusion in her present Report, based on the same reasoning. (ECF No. 59, PageID.980.) Thus, she states "[t]he exhaustion argument regarding MDOC fails," but "the addition of Campbell, Westbay, or Barth would be futile." (*Id.*, PageID.980, 981.)

Plaintiff objects to the finding that an Eighth Amendment claim asserted against Defendants Campbell, Barth, and Westbay would be futile. (ECF No. 60, PageID.1053.) First, Plaintiff asserts that exhaustion is an affirmative defense that does not need to be pled. (*Id.*) Second, Plaintiff points out that he pled several exceptions to the exhaustion requirement to challenge any assumption that additional exhaustion procedures were "capable of use."[2]  (*Id.*, PageID.1053, 1054) (citing *Ross v. Blake*, 578 U.S. 632, 642 (2016)).

The assertion that "failure to exhaust is an affirmative defense" which "inmates are not required to specially plead or demonstrate in their complaints" is supported by Supreme Court caselaw.  *See Jones*, 549 U.S. at 216. Thus, the standard is different here, as the Court determines whether proposed amendments to the complaint would be futile, than it would be in response to a motion for summary judgment. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("The test for futility . . .

---

[2] The "exceptions" Plaintiff pled center around the idea that that MDOC's grievance procedures are purposely convoluted so as to prevent prisoners from effectively using the grievance process.  (*See* ECF No. 49-2, PageID.603-04.)

does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.").

MDOC Defendants' reliance on an unpublished opinion from the Northern District of Ohio is unpersuasive against *Jones*. (*See* ECF No. 62, PageID.1079 (citing *Nicholson v. Jayco, Inc.*, No. 5:15-CV-2010, 2016 WL 5463215, at *23 (N.D. Ohio Sept. 29, 2016))). The *Nicholson* court quoted another court from this district stating, "evidence in the record" must be considered when deciding a motion to amend, as courts "cannot assess the proposed amendment as if the evidence does not exist." *Nicholson*, 2016 WL 5463215 at *23 (quoting *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740, 752 (E.D. Mich. 2010)). MDOC Defendants urge this Court to follow *Newburgh* and comb through Plaintiff's grievances that were attached to MDOC's April 2020 motion for summary judgment. (ECF No. 62, PageID.1079.)

*Newburgh* is easily distinguished, however, and does not apply to the facts in this case. There, the dispositive motion deadline had passed and the defendant moved for leave to add a counterclaim while the plaintiff's motion for summary judgment was pending. *Newburgh*, 724 F. Supp. at 749. Thus, the Court found that when a motion for leave to amend is made "in response to a motion for summary judgment . . . the proposed amended pleading is futile if it could not survive the summary judgment motion." *Id.* at 752. In this case, MDOC's motion for summary judgment was decided nearly two years ago, Plaintiff has since been appointed counsel, discovery is still open, and the dispositive deadline has not passed. Accordingly, if Plaintiff truly did not exhaust his administrative remedies with regard to Defendants Campbell, Barth, and Westbay, those Defendants

will need to assert this as an affirmative defense and prove it in a motion for summary judgment (assuming they are served within the timeframe allowed).

Given the above analysis, the Court SUSTAINS Plaintiff's objection and DECLINES TO ADOPT this portion of the Magistrate Judge's report. Plaintiff's Motion for Leave to Amend will not be denied for lack of exhaustion.

### (iii) *Corizon Health, Inc.*

Corizon Defendants also take issue with the proposed amendments to Plaintiff's Eighth Amendment claim. Defendant Corizon argues that Plaintiff does not identify an unconstitutional policy or pattern of theirs in the amended complaint. The Magistrate Judge disagrees and suggests Plaintiff has plead sufficient facts to overcome Corizon's futility argument. (ECF No. 58, PageID.982.)

Corizon objects to the Magistrate Judge's finding, but its arguments in its objection mirror those that were considered and dismissed by the Magistrate Judge. (*Compare* ECF No. 50, PageID.894-98 (arguing, essentially, that Plaintiff failed to specifically identify an established Corizon policy, practice, procedure, or protocol let alone connect it to Corizon), *with* ECF No. 59, PageID.1006-12 (arguing, essentially, that Plaintiff's citations to previous cases or news reports in his proposed Second Amended Complaint fall short of establishing an unconstitutional policy or practice of Corizon)). A mere restatement of a previously presented argument does not sufficiently identify alleged errors on the part of the Magistrate Judge. *See Senneff*, 2017 WL 710651 at *2. Nevertheless, this Court reviewed the factual allegations in Plaintiff's proposed Second Amended Complaint *de novo*.

Upon fresh review, this Court agrees with the Magistrate Judge's finding. At this stage, Plaintiff need only "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp.*, 550 U.S. at 555. He has done so here. At this stage, Plaintiff is not required to cite his sources supporting his allegations of fact in the proposed new pleading. Removing those citations, and taking Plaintiff's allegations as true, Plaintiff has indeed stated a § 1983 claim against Corizon.

Accordingly, Corizon's objection is OVERRULED and the Court ACCEPTS AND ADOPTS this portion of the R&R. Plaintiff's Motion for Leave to Amend is GRANTED IN PART in that he may include the proposed allegations and claims related to Corizon's alleged violations of the Eighth Amendment.

### (iv) *Defendants Jindal and Bhavsar*

Defendants Jindal and Bhavsar also argue that Plaintiff's claims are not enough to substantiate deliberate indifference. The Magistrate Judge agrees, reasoning that Plaintiff was never "completely denied medical care," rather he disagreed with the medical care provided. (ECF No. 58, PageID.985.) The Magistrate Judge therefore recommends denying Plaintiff's motion to amend the proposed deliberate indifference claims against these defendants. *Id.* Plaintiff objects to the Magistrate's recommendation arguing that Plaintiff did allege he was completely denied medical care for certain symptoms or aspects of his disabilities, and that even if he was not completely denied care, a complete denial is not necessary to maintain an Eighth Amendment claim. (ECF No. 60, PageID.1056-58.)

"[A] prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation." *DeFreeze v. Zuberi*, 39 Fed. App'x. 137, 139 (6th Cir. 2002). And, despite Plaintiff's arguments to the contrary, Plaintiff's allegations indicate he *did* receive medical treatment and certain medications that were deemed to be necessary. The fact that Defendants Jindal and Bhavsar did not do everything that Plaintiff requested, and did not prescribe medications in the exact manner, type, or dose that he requested, does not serve as the basis for a deliberate indifference claim. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (finding no deliberate indifference claim where the plaintiff "would have desired more aggressive treatment" but "was at no point denied treatment").

Plaintiff cites *Johnson v. Hardin Cnty.*, 908 F.2d 1280, 1284 (6th Cir. 1990), for the proposition that a complete denial of medical care is not necessary to maintain an Eighth Amendment claim, but that case can be distinguished. In *Johnson*, the incarcerated plaintiff was prescribed pain medication by a hospital doctor who treated him after a fall. *Id.* at 1283. After returning to the prison, the plaintiff was often denied a full dose of his prescribed pain medication and at times was denied any medication. *Id.* at 1284. According to the plaintiff, the guard who distributed medication would sometimes run out of medication before reaching plaintiff, presumably because plaintiff's medication was given to other inmates. *Id.* At other times, the guard would throw medication into the plaintiff's cell where it would roll out of reach. *Id.* In reviewing the district court's denial of the defendants' motion for directed verdict, the Sixth Circuit found that where "a prisoner was denied prescribed pain relief medication," a reasonable jury could determine that the individual defendants were deliberately indifferent to the plaintiff's medical needs. *Id.*

21

Here, Plaintiff does not allege that he is being denied medication that has already been prescribed, rather he alleges that Defendants refuse to prescribe the medication he feels he needs. According to Plaintiff's allegations, Defendant Jindal told Plaintiff that he did not qualify for pain medication. (ECF No. 49-2, PageID.571.) Thus, Plaintiff's proposed amendments do not state a constitutional claim against Defendants Jindal and Bhavsar. *See Owens v. Hutchinson*, 79 Fed. App'x. 159, 161 (6th Cir. 2003) ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim").

Accordingly, Plaintiff's objection is OVERRULED and the Court ACCEPTS AND ADOPTS this portion of the R&R. Plaintiff's Motion for Leave to Amend is DENIED IN PART as it relates to the Eighth Amendment claims against Defendants Jindal and Bhavsar.

### D.    Motion for Extension of Time

The Magistrate Judge recommends granting Plaintiff's request for an extension of time to serve Defendants Campbell, Barth, and Westbay. Plaintiff objects to the Magistrate Judge's suggestion to extend the deadline by 14 days. (ECF No. 60, PageID.1063-64.) Plaintiff would like 90 days to serve these defendants, the same amount of time a plaintiff has to serve a defendant with an original complaint under Federal Rule of Civil Procedure 4(m). MDOC Defendants argue that Plaintiff was appointed counsel over 200 days ago yet Plaintiff has not offered any explanation as to why service has not been perfected on the unserved defendants during this time. (ECF No. 62, PageID.1085.)

The Court finds that the failure of the U.S. Marshals to properly serve the unserved defendants in the first instance provides good cause for an extension of time. MDOC Defendants are correct, however, and this case is nearly two and a half years old. Plaintiff must serve the unserved defendants within 14 days. Plaintiff's objection is OVERRULED and the Court ACCEPTS AND ADOPTS this portion of the R&R.

## IV.    Conclusion

For the foregoing reasons, the Court **ACCEPTS AND ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Magistrate Judge's August 20, 2021 Report and Recommendation (ECF No. 58). The Court **ACCEPTS AND ADOPTS** the portions of the R&R as indicated above. The Court **DECLINES TO ADOPT** the remainder of the R&R (ECF No. 58) in favor of the analyses included here.

Plaintiff's Motion for Leave to Amend and Extension of Time to Serve Summons and Complaint (ECF No. 49) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Motion is **GRANTED IN PART** in that the caption will be amended changing "Hum Campbell" to "Janet Campbell" and changing "Corizon Health Care Services" to "Corizon Health, Inc." Plaintiff's Motion is also **GRANTED IN PART** in that he may file a Second Amended Complaint that includes the proposed Eighth Amendment claims/allegations against MDOC Defendants, excluding any claims/allegations against Judy Crisenbery and excluding any claims/allegations that seek money damages from MDOC Defendants in their official capacities. Plaintiff's Motion for Leave to Amend is additionally **GRANTED IN PART** in that he may include the proposed allegations and claims related to Corizon's alleged violation(s) of the Eighth Amendment. Plaintiff's Motion is **DENIED IN PART** as the Court finds to be futile **(a)** the proposed claim(s) against Defendant Crisenbery; **(b)** the

proposed claims brought under the Americans with Disabilities Civil Rights Act of 1990;

**(c)** the proposed claims brought under the Rehabilitation Act of 1973; and **(d)** the

proposed claims against Defendants Jindal and Bhavsar—leave to amend these claims

is **DENIED**.

Finally, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION**

over Plaintiff's proposed state-law claims. Plaintiff's Motion for Leave to Amend is

**DENIED** as it relates to the proposed state-law claims.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 31, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record
on March 31, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager